# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>                    Plaintiff,<br><br>         v.<br><br>GUZMAN, et. al.,<br><br>                    Defendants.<br>_____/ | CASE NO.   1:12-cv-0249-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION TO PROCEED IFP PURSUANT TO SECTION 1915(g) AND DISMISSING ACTION WITH PREJUDICE AS BARRED BY RES JUDICATA<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Isabel Tubach ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion to proceed in forma pauperis. (ECF No. 2.)

## I.    THREE STRIKES

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff filed over 150 actions and appeals, and at least three actions have been dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1]  Determining whether Plaintiff's actions count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

After review of the dismissal orders, the Court takes judicial notice of them and the fact that Plaintiff has three prior actions dismissed as frivolous or for failing to state a claim for which relief can be granted under section 1983.  Those cases are: 1) Tubach v. Gomez, 1:97-cv-05549-OWW-DLB (dismissed as frivolous on October 17, 1997); 2) Tubach v. Farmon, 1:96-cv-05551-REC-SMS (dismissed as frivolous on February 24, 1998); and 3) Tubach v. Rilly, 1:98-cv-05603-REC-HGB (dismissed as frivolous on March 12, 1999).

Plaintiff had three or more strikes and became subject to section 1915(g) well before she filed this action on February 22, 2012.  Therefore, the Court finds that Plaintiff should be precluded from proceeding in forma pauperis unless she is, at the time the Complaint was filed, was under imminent danger of serious physical injury.

## II.   RES JUDICATA

### A.   Legal Standard

The doctrine of res judicata bars the re-litigation of claims previously decided on their merits. Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005). Claim preclusion (res judicata) pertains to "the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit...." Gospel Missions of America v. City of Los Angeles, 328 F.3d 548, 553 (9th Cir. 2003) (quoting Migra v. Warren City Sch. Dist. Bd. of Educ.,

---

[1] "This subdivision is commonly known as the 'three strikes' provision.  'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.'  Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." Andrews v. King, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

465 U.S. 75, 77 n.1 (1984)); see Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) ("Res judicata precludes the litigation of 'any claims that were raised or could have been raised' in a previous lawsuit."). "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters, Inc., 399 F.3d at 1052 (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised,' Arizona v. California, 530 U.S. 392, 416 (2000), provided that the parties have an opportunity to be heard prior to dismissal, Headwaters, Inc., 399 F.3d at 1055. Generally a person who is not a party to an action is not entitled to the benefits of res judicata. However, where "two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1405 (9th Cir. 1993). "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in re-litigation of the same issue between that party and another officer of the government." Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940).

    2.    Analysis

After careful review of the record, the Court finds that this action is barred by res judicata. Its allegations are the same as those previously disposed of in another case, Tubach v. Brown, et al., 1:11-cv-1476-LJO-MJS, 2011 WI 4709886, at *1 (October 4, 2011).

    a.    Identity of Claims

"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992). In applying the transaction test, the Court examines the following criteria:

(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982). "The last of these criteria is the most important." Id. at 1202.

Plaintiff is housed at Central California Women's Facility. (Compl., ECF No. 1.) Plaintiff has named the following individuals as Defendants: 1) M. Guzman, officer, and 2) Burger, senior librarian.

In Plaintiff's Complaint, she alleges that Defendant Burger referred her to psychiatrists because she claimed other inmates were putting poisons in her nose and trying to cause Plaintiff to have a heart attack. (Compl. at 3.) Plaintiff informed Defendant Burger, but he did not take any action. (Id.) Defendant Burger is an accessory of Defendant Guzman, a correctional officer. (Id.) Defendant Guzman gave poison to other inmates and paid them to murder Plaintiff. (Id.) Defendant Guzman has also sent acid to be put in Plaintiff's face and eyes. (Id. at 4.)

Prior to filing the Complaint in the instant case, Plaintiff filed Tubach v. Brown, et al., 1:-11-cv-1476-LJO-MJS. In that action Plaintiff also named Defendant Guzman, and others at Central California Women's Facility as defendants. Id. As in this action, Plaintiff alleges that Defendant Guzman, on his own and with the help of others, is trying to poison and harm her. Id.

Based on the above comparison of Tubach v. Brown, et al., 1:-11-cv-1476-LJO-MJS, 2011 WL 4709886 and this action, the Court finds that both actions stem from the same series of events and could conveniently been tied together. See Western Sys., Inc. V. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992.)

    b.  Final Judgement on the Merits

On November 21, 2011, the Court in Tubach v. Brown, et al., 1:-11-cv-1476-LJO-MJS, 2011 WL 4709886 adopted the findings and recommendation, recommending that the action be dismissed for failure to state a claim. Tubach v. Brown, et al., 1:-11-cv-1476-

-4-

LJO-MJS, 2011 WL 4709886 at ECF No. 7 (Findings and Recommendation); ECF No. 11 (Order adopting Findings and Recommendation). "Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits" to which res judicata applies. Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n.3 (1981)." Stewart v. U.S. Bancorp, 297 F.3d 953 (9th Cir. 2002). The Court finds that Plaintiff's claims in the prior action were dismissed on the merits.

     c.  Privity Between Parties

The Defendants in the current action, Tubach v.Guzman, et al., 1:12-cv-249-LJO-MJS, are in privity with the defendants in Tubach v. Brown, et al., 1:-11-cv-1476-LJO-MJS. Plaintiff is at Central California Women's Facility, and was there when she filed the complaint in this current action. See Tubach v.Hense, et al., 1:12-cv-249-LJO-MJS. All of the allegations occurred at Central California Women's Facility, and all of the Defendants appear to be staff members at Central California Women's Facility. Id. Plaintiff also names Defendant Guzman in both actions. See Tubach v. Guzman, et al., 1:12-cv-249-LJO-MJS; Tubach v. Brown, et al., 1:-11-cv-1476-LJO-MJS. All of the allegations in Plaintiff's prior action also occurred at Central California Women's Facility, and most of the defendants in that action also appear to have been staff members at Central California Women's Facility. See Tubach v. Guzman, et al., 1:-12-cv-249-LJO-MJS.

Accordingly, the Defendants in this action appear to be in privity with the parties named in Plaintiff's prior action.

## IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court RECOMMENDS the following:

1. Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2), filed February 22, 2012, be DENIED pursuant to 28 U.S.C. § 1915(g); and

2. That this action be DISMISSED with prejudice, as barred by res judicata.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).

Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 30, 2012                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE